# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30384
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 12, 2017

Lyle W. Cayce
Clerk

VERNA J. FLOYD, as the Personal Representative of the Estate of her Deceased Son, Jody Floyd,

       Plaintiff - Appellant

v.

CHILLY'S L.L.C. OF ALABAMA,

       Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:15-CV-544

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

    Chilly's L.L.C. of Alabama ("Chilly's") fired Jody Floyd soon after he informed the company of his cancer diagnosis. Jody's mother Verna Floyd ("Floyd") sued on behalf of his estate, alleging that his firing was a discriminatory act in violation of the Americans with Disabilities Act of 1990

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30384

("ADA"). The district court granted summary judgment in favor of Chilly's. Floyd appeals. We AFFIRM.

I

Chilly's is a licensed distributor of "Good Humor" ice cream, placing freezers containing ice cream on retail premises. Chilly's hired Jody in May, 2012 as a Business Development Manager. He was responsible for convincing retailers in the Baton Rouge area to place Chilly's' freezers on their premises. Jody was hired in large part because he indicated to Chilly's that he had hundreds of accounts he could acquire on its behalf.

About a month after Jody was hired, he began feeling ill. He was diagnosed with squamous cell carcinoma. In July, 2012, Jody informed his supervisor at Chilly's that he was undergoing radiation treatment at a cancer center in Houston. Either due to his illness or for other reasons, Jody was not able to acquire the bulk of the promised accounts for Chilly's. Chilly's fired Jody soon after. Jody eventually succumbed to his disease.

Floyd sued, alleging that Jody's termination was a prohibited act of discrimination in violation of the ADA, 42 U.S.C. §§ 12102 *et seq.* Chilly's moved for summary judgment. The district court applied the familiar burden-shifting framework laid out in *McDonell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and concluded that, although Floyd established a prima facie case of discrimination, Chilly's was able to provide a non-discriminatory reason for firing Jody—a reason Floyd could not show was pretextual. Accordingly, the district court granted summary judgment in favor of Chilly's.

II

We review a grant of summary judgment de novo, applying the same standard as the district court. *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014). Summary judgment is appropriate if "the movant shows that

2

No. 17-30384

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

III

Chilly's does not contend on appeal that the district court erred in finding that Floyd established a prima facie case of discrimination. Our focus is thus entirely on the latter part of the *McDonnell Douglas* framework: whether the district court erred in concluding that there was no dispute of material fact that (1) Chilly's was able to establish a non-discriminatory reason for Floyd's firing and (2) Floyd was not able to show that the reason was pretextual.

Chilly's argues that Jody was not fired because of his illness but rather because of his inability to deliver clients. The record evidence supports this contention. In an email to Jody just three days after he was fired, for example, Jody's (ex-)supervisor wrote, "I am sorry that your position in Baton Rouge was discontinued . . . as you are aware, production of effective accounts did not fall into place." At his deposition, the same supervisor again testified that "[t]he wording in the e-mail is exactly why [Jody] was terminated." The supervisor also read from a document titled "Employee Termination Information," which included a passage under the heading "Termination Reason" that read "[p]osition as sales agent is discontinued due to market conditions." Floyd offers no evidence to contradict this record evidence tending to show that Jody was fired for a non-discriminatory reason. The district court did not err in holding that Chilly's established a non-discriminatory reason for Jody's firing.

The burden thus shifts back to Floyd, who must show a dispute of material fact as to whether the proffered non-discriminatory reason is pretextual. She first notes that Chilly's initially made certain arguments unrelated to Jody's job performance in arguing that Floyd could not make out a prima facie case of discrimination. She then contends that, because Chilly's

"shifted" its reasoning at the non-discriminatory reason stage in arguing that the firing was due to Jody's alleged inadequate job performance, its proffered reason must therefore be pretextual.

Floyd's argument is nonsensical. It is true that "the trier of fact may still consider the evidence establishing the plaintiff's prima facie case and inferences properly drawn therefrom . . . on the issue of whether the defendant's explanation is pretextual." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000) (internal quotation marks omitted). But it does not follow that, simply by arguing that an employee cannot make out a prima facie case of discrimination, an employer has *necessarily* rendered any proffered non-discriminatory reasons pretextual. If the argument made at the prima facie stage does not contradict the argument made at the non-discriminatory reasons stage, then the simple fact of having made both arguments does not render the latter pretextual. Because Floyd cannot point to any genuine evidence tending to raise a dispute as to whether the proffered non-discriminatory reason is pretextual, her argument must fail.

IV

The district court's judgment is AFFIRMED.